**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 19, 2011

Lyle W. Cayce
Clerk

No. 09-50614

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PATRICK JARRELL CONN,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:

Patrick Jarrell Conn ("Conn") pleaded guilty to conspiracy to manufacture methamphetamine and to possession of pseudoephedrine with the intent to manufacture methamphetamine. The district court sentenced him to serve consecutive prison terms of 240 months and 120 months. Conn appeals his sentence on four grounds. For the following reasons, we AFFIRM the sentence of the district court.

**FACTS AND PROCEEDINGS**

Conn ran a methamphetamine operation in Temple, Texas. Along with six other defendants, he was charged in an eight-count indictment. Count One

No. 09-50614

charged all defendants with conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846, and Count Four charged Conn with possession of pseudoephedrine and other materials to manufacture methamphetamine, in violation of 21 U.S.C. §§ 843(a)(6) and 843(d)(2).  Counts One and Five charged Tara Ann Caldwell, Conn's common law wife, with the same offenses. The other counts are not relevant here. Conn and Caldwell both pleaded guilty without plea agreements.

According to Conn's presentence report ("PSR"), he managed the methamphetamine operation during the course of the conspiracy. Members of the conspiracy made multiple purchases of pseudoephedrine tablets in excess of the maximum legal quantities. Pharmacy logs and videos obtained from pharmacies confirm the pseudoephedrine acquisition by the conspirators. After buying pseudoephedrine tablets, the conspirators delivered the tablets to Conn, who was the primary methamphetamine "cook." Most of the methamphetamine manufacturing took place at Conn and Caldwell's apartment where they lived with their children.

The PSR asserted that Conn was responsible for 1,136.88 grams of pseudoephedrine obtained by him or by other members of the conspiracy. Using the Drug Equivalency Table, U.S.S.G. § 2D1.1, comment (n.10A), the probation officer determined that 1,136.88 grams of pseudoephedrine converted to 11,368.8 kilograms of marijuana and arrived at a base offense level of 36. Conn's total offense level was enhanced to 45 because of his leadership role and because the offense involved the manufacture of methamphetamine and created a substantial risk of harm to his minor children. His criminal history category was I. Conn's resulting sentencing Guidelines range of imprisonment was "Life." The

2

No. 09-50614

PSR recommended that Conn receive sentences running consecutively, pursuant to U.S.S.G. § 5G1.2(d).

Prior to sentencing, Conn requested independent retesting of his children for methamphetamine. The district court denied this motion.  Conn also objected to the sentences running consecutively. He argued that the court should exercise its discretion not to impose consecutive sentences to prevent the government from "double-dip[ping]" by using the total pseudoephedrine quantity to increase the penalty in both offenses. The district court implicitly rejected Conn's objections and sentenced him to below-Guidelines consecutive terms of imprisonment of 240 and 120 months, respectively, for a total of 360 months imprisonment. This timely appeal followed.

## STANDARD OF REVIEW

This court reviews factual error in sentencing not raised at trial under the plain error standard of review. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009); *United States v. Rodriguez-Rodriguez*, 530 F.3d 381, 387-88 (5th Cir. 2008). We review a denial of discovery for abuse of discretion. *United States v. Webster*, 162 F.3d 308, 336 (5th Cir. 1998). The reasonableness of a sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Plain error review requires us to consider four questions: whether "(1) there was error, (2) the error was plain, (3) the error affected [Conn's] substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Clark*, 582 F.3d 607, 616 (5th Cir. 2009) (quoting *United States v. Jackson*, 549 F.3d 963, 975 (5th Cir.2008)).  Error is "deviation from a legal rule in the absence of a valid waiver"; plain error is "obvious, clear, or so conspicuous that the trial judge and

3

No. 09-50614

prosecutor were derelict in countenancing" the error; and affecting substantial rights means "affect[ing] the outcome of the proceeding." *United States v. Puckett*, 505 F.3d 377, 384 (5th Cir. 2007) (internal quotations marks omitted). "When the three elements of plain error are present, relief on appeal is discretionary, not mandatory. A court of appeals should exercise its discretion only when a plain error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Puckett*, 505 F.3d at 384 (alteration in original) (citing *United States v. Calverley*, 37 F.3d 160, 164 (5th Cir. 1994) (en banc)). This court has held that "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).

## DISCUSSION

Conn raises four issues on appeal: (1) the quantity of drugs used by the government to calculate the total offense level was plainly erroneous; (2) the district judge's denial of his motion for independent drug testing of his children was an abuse of discretion; (3) sentencing him to consecutive terms was substantively unreasonable; and (4) his counsel's decision not to oppose certain sentencing factors constituted ineffective assistance.

A.      The Drug Quantity is Not Plainly Erroneous

Conn challenges the drug quantity that formed the basis for his sentence on two grounds. First, he asserts that the drug calculations in the PSR contain mathematical errors. Second, in response to our request for supplemental briefing, he asserts that the computation of the weight of pseudoephedrine was improper under U.S.S.G. § 2D1.11, note (C). Because Conn failed to raise either

No. 09-50614

argument before the sentencing court, we review both for plain error. *Whitelaw*, 580 F.3d at 259.

1. The PSR's Mathematical Computation

Conn asserts that his sentence is plainly erroneous because the PSR's drug calculations, which include monthly and aggregate pseudoephedrine purchases, are internally inconsistent. Conn's assertion is not convincing. The PSR based its calculation on the pharmacy reports which logged pseudoephedrine purchases for the entire conspiracy. For each defendant, the PSR reported specific amounts of pseudoephedrine for the months in which the defendant purchased more than the legal limit. It also reported each defendant's aggregate purchases during the entire conspiracy, which lasted nearly two years. The aggregate amount reported in the PSR therefore includes both itemized monthly purchases above the legal limit and non-itemized individual purchases below the legal limit for the other months of the conspiracy. There are no mathematical errors in the reported quantities. Because "[t]he defendant bears the burden of showing that the information in the PSR relied on by the district court is materially untrue," *United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998) (internal quotation marks omitted), and Conn has offered no proof of error, he is not entitled to relief.

2. U.S.S.G. § 2D1.11, note (C)

The PSR attributed 1136.88 grams of pseudoephedrine to Conn. Conn did not object to this quantity at sentencing. The PSR does not, however, explain how the probation officer arrived at the quantity of pseudoephedrine used to determine Conn's base offense level. U.S.S.G. § 2D1.11, note (C), requires the court to calculate the base offense level using only the weight of the pure

No. 09-50614

pseudoephedrine contained in the tablets and not the weight of the entire tablet. On appeal, Conn argues that it is not clear whether the 1136.88 grams of pseudoephedrine reported in the PSR represents pure pseudoephedrine or total tablet weight. He argues that the district court plainly erred by failing to determine the method used to weigh the pseudoephedrine, reasoning that "there is a valid possibility that the [PSR] over-estimated the weight of the pseudoephedrine based on the weight of the entire pill, and not just the pseudoephedrine." The Government asserts that, even assuming error, no plain error occurred because the relevant quantity of pseudoephedrine is a factual determination that could have been resolved had Conn timely objected.

We have not specifically addressed whether the application of U.S.S.G. § 2D1.11, note (C), is reviewed as a question of fact or a question of law. In *United States v. Hardin*, the defendant argued that some portion of the methamphetamine powders listed in his PSR were unusable byproduct and should not have been included in calculating his base offense level. 437 F.3d 463, 467 (5th Cir. 2006). We concluded that whether a substance constitutes methamphetamine is a question of fact. *Id.* at 469. We have also suggested that determining the quantity of a methamphetamine precursor chemical is a factual inquiry. *See United States v. Surasky*, 974 F.2d 19, 21 n.5 (5th Cir. 1992).

Our sister circuits have discussed the proper application of § 2D1.11, note (C). Conn points to *United States v. Jumah*, 599 F.3d 799, 811-13 (7th Cir. 2010), and *United States v. Goodhue*, 486 F.3d 52, 59-60 (1st Cir. 2007), in support of his argument for remand.

In *Jumah*, the Seventh Circuit held that a sentence based on the gross, rather than the net, weight of pseudoephedrine tablets is plainly erroneous. 599

6

No. 09-50614

F.3d at 811-13. Jumah's PSR listed the weight of the pure pseudoephedrine and also listed the total tablet weight. *Id.* at 811. Rather than using the pure weight, the district court sentenced Jumah based on the total tablet weight. *Id.* at 813. The government conceded plain error, and the Seventh Circuit required resentencing based "on the weight of the pure drugs within the pseudoephedrine tablets" because the error affected Jumah's substantial rights. *Id.* at 813-14. Unlike in *Jumah*, it is not clear that the district court improperly used the total tablet weight, and the government does not concede error.

In *Goodhue*, a case that did not involve pseudoephedrine in tablet form, the defendant challenged the method used to calculate his sentence for possession with intent to manufacture methamphetamine. 486 F.3d at 55. At trial, Goodhue objected to calculating the quantity of ephedrine and pseudoephedrine found in his home based on their pure weight rather than by converting to their approximate methamphetamine yield. *Id.* at 57. Unlike Goodhue, Conn did not object to the quantity of pseudoephedrine in his PSR. The First Circuit discussed § 2D1.11, note (C), and commented that tablets generally contain only a small percentage of pure pseudoephedrine and in "the tablet situation . . . there is typically no question as to the weight of the pure precursor chemicals" because "the percentage of the controlled substance . . . is usually specifically noted on the tablet package." *Id.* at 59.

This court has held that "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *Lopez*, 923 F.2d at 50. We now hold that the determination of the quantity of pseudoephedrine to be used to calculate an offender's base level offense is a question of fact. The question of the proper quantity of

7

pseudoephedrine to be attributed to Conn is a question of fact "capable of resolution by the district court" because the district court could have reviewed the pharmacy logs had Conn objected at sentencing.[1]  Accordingly, there is no plain error.

B.     Independent Drug Testing

The district court denied Conn's discovery motion seeking to have his children independently retested for methamphetamine.  At sentencing, Conn abandoned his objections to the sentencing enhancement based on endangering a minor under U.S.S.G. § 2D1.1(b)(13)(D).  By abandoning his objection to the sentencing enhancement, Conn waived his right to appeal on this basis. As this court has held, "waiver is the intentional relinquishment of a known right," and "waived errors are entirely unreviewable." *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006) (internal quotation marks omitted). Thus, we have no jurisdiction to review the district court's denial of his discovery request. *See Id.*

C.     Consecutive Sentences

Conn argues that his consecutive sentences are substantively unreasonable because Caldwell, who is allegedly a similarly situated defendant, received concurrent sentences for identical offenses. This court reviews sentencing decisions for reasonableness under the abuse of discretion standard of review.

> [T]he appellate court should . . . consider the substantive
> reasonableness of the sentence imposed under an

---

[1] The pseudoephedrine at issue was all contained in tablets and Conn does not dispute that the tablets in question contained pseudoephedrine.  Further, the pharmacy logs list the weight of the pure pseudoephedrine and not the total tablet weight.

> abuse-of-discretion standard. When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness. But if the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

*Gall*, 552 U.S. at 51 (internal citations omitted); *see United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

Review of substantive reasonableness requires this court to "consider the totality of the circumstances . . ." *Brantley*, 537 F.3d at 349 (internal quotation marks omitted) (quoting *Gall*, 522 U.S. at 51). Conn's contention that his consecutive sentences are unreasonable because he and Caldwell are similarly situated fails, as Conn acknowledged his managerial role in the conspiracy, whereas Caldwell had no leadership role. We see no abuse of discretion by the district court in sentencing Conn to 360 months imprisonment.

D.    Effectiveness of Trial Counsel

Conn contends that his attorney's withdrawal of his objection to the sentencing enhancement for endangering children under U.S.S.G. § 2B1.1(b)(13)(D) constitutes ineffective assistance of counsel. The record is insufficiently developed to allow consideration of Conn's claim of ineffective assistance of counsel; such a claim generally "cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations."

*United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks omitted). Conn has shown no reason the court should make an exception to the general rule. We deny his claim of ineffective counsel without prejudice. *See id.*

## CONCLUSION

For the foregoing reasons, we AFFIRM Conn's sentence.