# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 11-10047
Summary Calendar

October 20, 2011

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID MEDRANO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-149-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Medrano pleaded guilty to one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Medrano to concurrent imprisonment terms of 360 months and 120 months and concurrent supervised release terms of four years and three years. Medrano challenges his sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by arguing that the district court erred in its guidelines determinations, and he contends that his sentence is substantively unreasonable.

Contending that the district court used unreliable information from confidential sources who were not credible, Medrano argues that the district court erred by determining drug quantity.  Medrano objected on this basis in district court proceedings in written objections to the presentence report (PSR).  At the sentencing hearing, however, Medrano explicitly withdrew his objections to drug quantity.  Medrano's drug quantity challenge is therefore waived and is unreviewable by this court.  *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006); *United States v. Musquiz*, 45 F.3d 927, 931-32 (5th Cir. 1995).

Medrano preserved his objection to the enhancement of his sentence based upon U.S.S.G. § 2D1.1(b)(1), which provides for a two-level increase for offenses involving drugs "[i]f a dangerous weapon (including a firearm) was possessed."  § 2D1.1(b)(1).  The district court's decision to enhance Medrano's sentence for possession of firearms was a factual determination that this court reviews for clear error.  *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010); *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995).  A § 2D1.1(b)(1) enhancement is appropriate if a weapon is present "unless it is clearly improbable that the weapon was connected with the offense."  § 2D1.1, comment. (n.3).  It does not matter whether Medrano used or intended to use the weapons.  Rather, the pertinent fact is that the weapons could have been used.  *See United States v. Jacquinot*, 258 F.3d 423, 431 (5th Cir. 2001).  As Medrano did not present evidence to rebut the facts set forth in the PSR, the district court was entitled to rely upon the facts set forth therein.  *Vital*, 68 F.3d at 120.  Facts in the PSR establish that firearms were present in Medrano's residence, he conducted drug trafficking activities from his home, and drug paraphernalia was found in the home.  Thus, it was not clearly improbable that the weapons were connected with the offense, and the district court did not commit clear error when it

enhanced Medrano's sentence pursuant to § 2D1.1(b)(1). *See United States v. Mergerson*, 4 F.3d 337, 350 (5th Cir. 1993).

In addition, Medrano preserved his objection to the § 2D1.1(b)(4) enhancement, which applies where, inter alia, the offense involved the importation of methamphetamine and the defendant is not subject to a mitigating role adjustment. A district court may rely upon hearsay in making sentencing determinations. *See United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002). The PSR relates statements by Medrano, told to law enforcement agents, that indicate that he knew that he was dealing drugs that had been imported into the United States. The district court's determination that Medrano knew that he was selling methamphetamine that was being brought into the United States from Mexico therefore does not amount to clear error. § 2D1.1(b)(4); *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010).

Medrano did not object to the substantive reasonableness of his sentence in the district court. Plain error review therefore governs this issue. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Where, as in Medrano's case, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness. *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

The sole basis of Medrano's challenge to the substantive reasonableness of his sentence is his argument regarding drug quantity. As set forth above, Medrano withdrew his objection to drug quantity and therefore this issue is waived and is unreviewable by this court. As he presents no other argument to challenge the substantive reasonableness of his sentence, Medrano has failed to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See id.*

AFFIRMED.