# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 29, 2011

No. 11-30133
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PETER COLE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CR-231-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Peter Cole appeals the 63-month sentence he received as a felon in possession of a firearm. We AFFIRM.

Cole asserts that the district court violated his Sixth Amendment right to a jury by imposing an upward variance based upon facts that were not alleged in the indictment, proven to a jury, or admitted by him. Under the advisory Guidelines regime, a sentence within the statutory maximum that is based upon judge-found facts does not violate the Sixth Amendment. *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Hernandez*, 633 F.3d 370, 374 (5th Cir. 2011). There was no violation of the Sixth Amendment.

Next Cole asserts that his sentence is procedurally unreasonable because the district court failed to consider the factors under 18 U.S.C. § 3553(a) and to provide reasons for rejecting his arguments that he possessed the firearm under duress, that his incarceration would cause hardship for his newborn son and fiancée, and that he helped his fiancée overcome her drug addiction. Because he did not raise this challenge to the procedural reasonableness of his sentence in the district court, review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 258, 261-62 (5th Cir. 2009).

The district court indicated that it considered a letter by Cole's fiancée that addressed the arguments that Cole possessed the firearm because of threats he received, that his newborn son and fiancée were dependent upon him, and that he was instrumental in ending his fiancée's drug addiction. The court listened to arguments by defense counsel and to Cole's allocution. Although the court did not discuss Cole's mitigation arguments, it repeatedly emphasized that his actions in leading police on a high speed chase through a residential area endangered the lives of many people. The court found "no justification" for Cole's actions and concluded that it could not ignore the risk Cole created.

The district court's reliance upon Cole's endangerment of others was consistent with Section 3553(a)'s instruction to consider "the nature and circumstances of the offense" and the need for the sentence to "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(1), (2). Because the court gave fact-specific reasons for the 63-month sentence that were consistent with the Section 3553(a) factors, Cole fails to show a clear or obvious error. *See United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005).

Finally, Cole challenges the substantive reasonableness of his sentence. He asserts that a sentence lacking sufficient reasons is substantively unreasonable. However, as we previously determined, the district court

provided sufficient reasons for the sentence. Cole also asserts that his sentence is substantively unreasonable because it fails to account for his mitigating arguments and places significant weight on an improper factor, his conduct during the police chase.

Cole's 63-month sentence is outside the applicable 27 to 33 months Guidelines range. Although a sentence within the Guidelines range is presumptively reasonable, we do not apply a presumption of unreasonableness to a sentence outside the Guidelines range. *United States v. Conn*, 657 F.3d 280, 286 (5th Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). This court considers the "totality of the circumstances, including the extent of any variance from the guidelines range" but must give "deference to the district court's determination of the appropriate sentence based on § 3553(a) factors." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Plain error review applies because Cole did not object in the district court. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Cole fails to show that the district court did not account for his mitigating arguments or that the arguments should have received substantial weight. The district court listened to Cole's mitigating arguments and found them to be outweighed by the danger created by Cole's actions during the police chase. The district court was in the best position to evaluate Cole's arguments as well as the Section 3553(a) factors. *See Gall*, 552 U.S. at 51-52. The district court did not plainly err in determining that a sentence of 63 months was appropriate in these circumstances.

AFFIRMED.