# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 2, 2012

No. 11-51060
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE PALOMO-DELGADILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-405-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Palomo-Delgadillo appeals the 36-month below-guidelines sentence imposed following his conviction for illegal reentry after deportation. Palomo-Delgadillo challenges only the substantive reasonableness of his sentence, arguing that the sentence is greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a). In light of his personal circumstances and characteristics, he contends that a 24-month sentence was more appropriate. Specifically, he argues that his offense was not violent and that it involved only

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a trespass across an international border.  He further states that he had been a good worker in the United States and that he had only one prior conviction. Additionally, Palomo-Delgadillo argues that the guidelines overstated the significance of his prior conviction.

Palomo-Delgadillo concedes that he failed to object to his sentence after it was imposed and that this court's review is limited to plain error.  Nevertheless, he seeks to preserve for further review his contention that an objection after the imposition of sentence is not required for abuse-of-discretion review.  This court need not determine whether plain error review is appropriate because Palomo-Delgadillo's arguments fail even under the abuse-of-discretion standard of review.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The district court listened to Palomo-Delgadillo's arguments for a lesser sentence but found that a 36-month sentence, which was below the applicable guidelines range, was appropriate. We afford "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.  Although Palomo-Delgadillo only had one prior felony for which he received a 92-day sentence, the district judge rejected Palomo-Delgadillo's minimalization of his prior conviction for committing lewd acts on a child under the age of fourteen.  The court concluded that a 36-month sentence was appropriate to reflect the sentencing factors of § 3553(a) and to "retain the seriousness of that one conviction."  Considering the totality of the circumstances, he has not shown sufficient reason for this court to disturb his below-guidelines sentence.  *See United States v. Conn*, 657 F.3d 280, 286 (5th Cir. 2011).

Accordingly, the judgment of the district court is AFFIRMED.