# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 26, 2013

Lyle W. Cayce
Clerk

No. 12-10567
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CAMERON CHARLES HOLLIE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-196-9

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Cameron Charles Hollie appeals the 36-month sentence imposed by the district court following his conviction for making, possessing, and uttering a forged and counterfeit security. *See* 18 U.S.C. §§ 2, 513(a). Hollie's sentence is 18 months above the top of the advisory range of imprisonment under the Sentencing Guidelines of 12 to 18 months. At sentencing, the district court characterized the sentence both as an upward departure pursuant to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines and as a variance in the light of the factors outlined in 18 U.S.C. § 3553(a).

Hollie challenges the district court's refusal to award him credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 on the ground that he was engaged in criminal conduct while on pretrial release, arguing that there was no factual basis to support the allegations that he was a drug trafficker or involved in drug sales while on pretrial release. At sentencing, Hollie withdrew the objection to the factual basis for the information contained in the addendum to the presentence report reflecting that he had engaged in criminal conduct while on pretrial release. Hollie's withdrawal of his objection amounted to a waiver thereof and renders the objection unreviewable on appeal. *See United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995); *United States v. Conn*, 657 F.3d 280, 286 (5th Cir. 2011). Hollie has made no showing that the district court clearly erred in declining to award him credit for acceptance of responsibility on the ground that he engaged in criminal conduct while on pretrial release. *See United States v. Rickett*, 89 F.3d 224, 227 (5th Cir. 1996); *United States v. Outlaw*, 319 F.3d 701, 705 (5th Cir. 2003).

Although Hollie challenges the district court's imposition of an upward departure under the Guidelines, Hollie raises no argument challenging the district court's alternate basis for imposing the sentence as an upward variance pursuant to the § 3553(a) factors, and thus has abandoned that issue. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010). Even if the issue were not deemed abandoned, the record reflects that the district court properly considered the § 3553(a) factors at sentencing and that the sentence imposed "was reasonable under the totality of the relevant statutory factors." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). This court need not address Hollie's argument that an upward departure pursuant to U.S.S.G. § 4A1.3 was not appropriate because the sentence may be affirmed on the district court's alternate basis for the

sentence as an upward variance warranted by § 3553(a).  *See United States v. Bonilla*, 524 F.3d 647, 656-59 (5th Cir. 2009).

AFFIRMED.