# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41415
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 16, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORENZO NAVARRO-GARCIA, also known as Lorenzo Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-500-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lorenzo Navarro-Garcia (Navarro) appeals the 70-month sentence imposed by the district court following his guilty plea to being found knowingly and unlawfully present in the United States after having been deported. He argues that the sentence was procedurally unreasonable because the district court mistakenly failed to fulfill its intention to award him a downward variance beyond the one-level variance relating to his acceptance of responsibility.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Navarro acknowledges that because he failed to object in the district court to the error he now raises, his argument is reviewed for plain error.

Under plain error review, Navarro must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

"This court has held that questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Conn*, 657 F.3d 280, 284 (5th Cir. 2011) (internal quotation marks and citation omitted). Divining the district court's intent in selecting a sentence arguably is a question of fact that could have been resolved if a proper objection had been made, and as such, it could never be plain error. In any event, Navarro has failed to show that the district court made a clear or obvious error in selecting his sentence. *See Puckett*, 556 U.S. at 135. This is because Navarro has not shown that his interpretation of the district court's remarks at the sentencing hearing is the only plausible interpretation of those remarks. In light of Navarro's failure to show an error that is plain, we do not examine the remaining elements of the plain error test.

AFFIRMED.