# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10070
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GENE IRVING GARLAND, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-197-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Gene Irving Garland, Jr., was convicted of one count of securities fraud in violation of 15 U.S.C. §§ 77q(a) and 77x (Count 1); 62 counts of mail fraud in violation of 18 U.S.C. § 1341 (Counts 2-63); 34 counts of money laundering, larceny, and theft and aiding and abetting in violation of 18 U.S.C. §§ 2 and 1956(a)(l)(A)(i) (Counts 64-97); 18 counts of money laundering in violation of §§ 2(b) and 1956(a)(l)(A)(i) (Counts 98-115); and five

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counts of money laundering in violation of 18 U.S.C. § 1957. Garland filed a 28 U.S.C. § 2241 petition, and was successful in having his convictions on Counts 64 through 115 vacated.

Garland was resentenced and now appeals the sentence of 252 months of imprisonment imposed for the amended judgment of conviction. He asserts that the sentence is procedurally and substantively unreasonable.

Garland did not present rebuttal evidence to demonstrate that the supplemental presentence report was "materially untrue, inaccurate or unreliable." *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998). We therefore review Garland's challenges to the facts underlying the application of the Sentencing Guidelines enhancements for plain error. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009). We have "held that questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Conn*, 657 F.3d 280, 284 (5th Cir. 2011) (internal quotation marks and citation omitted). Garland has not demonstrated any plain procedural error.

We review the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, taking into account the totality of the circumstances. *See Gall*, 552 U.S. at 51. A within-guidelines sentence is presumptively reasonable. *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). To rebut the presumption, Garland had to establish that the district court failed to account for a significant sentencing factor, gave significant weight to an "irrelevant or improper factor," or made "a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Viewed in light of the totality of circumstances, Garland has not shown that the district court abused its discretion by imposing the within-guidelines sentence, *see Gall*, 552 U.S. at 51, and he has not

rebutted the presumption that his sentence is reasonable, *see Cooks*, 589 F.3d at 186.

To the extent that Garland contends that his counsel was ineffective for failing to challenge the enhancements to the PSR, the record is insufficiently developed to allow consideration of such an argument on this direct appeal. Such claims generally are not resolved on direct appeal when they have not been developed in the district court. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006). The Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 503-04 (2003).

AFFIRMED.