# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50489
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VANESSA QUEEN,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-626-1

Before BARKSDALE, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Vanessa Queen appeals the 24-month prison sentence imposed upon revocation of her second term of supervised release, following her conviction and sentence for transporting an undocumented alien for financial gain. S*ee* 8 U.S.C. § 1324(a)(1)(B)(i) (bringing in certain aliens for financial gain); 18 U.S.C. § 3583(e) (modification of conditions or revocation).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-50489

"At this time, the [Sentencing] Commission has chosen to promulgate policy statements only" regarding sentences for revocation of supervised release.  U.S.S.G. Ch. 7, Pt. A, cmt. 1 (2013).  Even before *Booker*, the supervised-release-violation policy statements were advisory only.  *E.g.*, *United States v. Giddings*, 37 F.3d 1091, 1093 (5th Cir. 1994).

Queen maintains her sentence is unreasonable because it is greater than necessary to meet the goals of 18 U.S.C. § 3553(a) (sentencing factors).  In that regard, she contends her sentence, which exceeds the advisory Sentencing Guidelines, policy-statement range, overstated the seriousness of her violations by placing too much emphasis on a state assault charge, which she contends was dismissed.

A properly preserved objection to a revocation sentence is reviewed under the "plainly unreasonable" standard, discussed in 18 U.S.C. § 3742(a)(4) (appeal of sentence without Guideline).  *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  Because Queen did not object to the sentence in district court, review is instead only for plain error.  *E.g.*, *United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009).  Under that standard, she must show a plain (clear or obvious) forfeited error that affected her substantial rights.  *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

Queen does not deny the State of Texas charged her with assault during her second supervised release; and, she points to *no* evidence that the assault charge has been dismissed.  Nor does she cite authority for the proposition that the district court was not free to consider a dismissed state charge.  It goes without saying that parties are required to brief issues sufficiently and provide legal authority in support of the assertions presented.  *E.g.*, *United States v.*

No. 13-50489

*Charles*, 469 F.3d 402, 408 (5th Cir. 2006).   Moreover, the finding, by preponderance of the evidence, that Queen committed the assault, was a factual determination, which established a propensity for violence and thus factored into her history and characteristics under § 3553(a)(1).   Because Queen did not object to that finding, it cannot constitute plain error.  *E.g.*, *United States v. Conn*, 657 F.3d 280, 284 (5th Cir. 2011).

Additionally, the court based its sentence on Queen's drug use, in violation of the terms of her supervised release.  She does not challenge that additional basis for the within-statutory-maximum sentence.  Our court has held revocation sentences, above the advisory range but within the statutory-maximum, do not constitute plain error.  *Whitelaw*, 580 F.3d at 265 (citing cases).

AFFIRMED.