# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11398
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALVIE WAYNE SPOHR, JR.,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-76-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alvie Wayne Spohr, Jr., appeals the sentence imposed after he pleaded guilty to bank robbery. At sentencing, Spohr withdrew his objection to the district court's refusal to give him credit for acceptance of responsibility. That refusal was based on Spohr's attack on another federal inmate while Spohr awaited sentencing. Spohr has waived any appeal of that issue, and we need not consider it. *See United States v. Conn,* 657 F.3d 280, 286 (5th Cir. 2011).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11398

Spohr argues that his 90-month sentence is substantively unreasonable. The sentence is a variance above the advisory guideline range maximum of 63 months pursuant to 18 U.S.C. § 3553(a). We review the substantive reasonableness of the sentence under an abuse-of-discretion standard and "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *See Gall v. United States*, 552 U.S. 38, 51 (2007).

In clearly and adequately explaining the sentence, the district court recounted Spohr's extensive and violent criminal history that included convictions involving violence, threats of violence, and risks of harm. Several convictions were not counted in Spohr's criminal history score. The prior convictions are relevant to "the history and characteristics of the defendant" under § 3553(a)(1). *See United States v. Mondragon-Santiago*, 564 F.3d 357, 363-64 (5th Cir. 2009). The court also explained that the 90-month sentence is needed to deter Spohr and to protect the public. *See* § 3553(a)(2)(B) & (C). The degree of deviation is also reasonable in light of other sentences we have affirmed. *See United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008).

Spohr fails to show that the sentence is unreasonable or an abuse of discretion. The judgment is AFFIRMED.