# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41631
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
August 25, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR RODRIGUEZ-CASTRO, also known as Alas,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-160-3

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Cesar Rodriguez-Castro pleaded guilty to conspiring to possess with the intent to distribute 500 grams or more of a substance containing methamphetamine or 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 846. There was no plea agreement, but Rodriguez-Castro filed a statement of agreed facts supporting his guilty plea, in which he stipulated that his "role in this conspiracy was to collect money from coconspirators

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41631

generated from the sale of methamphetamine and wire said money to persons in Mexico whose names were provided to him by other coconspirators." The district court denied Rodriguez-Castro's objection to the lack of a mitigating role adjustment under U.S.S.G. § 3B1.2, but granted his request for application of the safety valve provisions of U.S.S.G. § 2D1.1(b)(17) and U.S.S.G. § 5C1.2. Rodriguez-Castro now challenges his within-guidelines sentence of 108 months of imprisonment and five years of supervised release.

Generally, Rodriguez-Castro contends that his sentence was both procedurally and substantively unreasonable. To the extent that Rodriguez-Castro is asserting for the first time on appeal that the district court procedurally erred by failing to adequately consider the 18 U.S.C. § 3553(a) sentencing factors, he has failed to adequately brief this issue and has therefore waived it. *See United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992).

Rodriguez-Castro further asserts that the district court committed a clear procedural error by failing to grant him a mitigating role adjustment under § 3B1.2. Although Rodriguez-Castro is apparently challenging his failure to receive a two, three, or four level § 3B1.2 adjustment, he abandoned any objection to the denial of a three or four level role adjustment at sentencing. Rodriguez-Castro has thus waived his right to appeal, and this court lacks jurisdiction to review, his failure to receive a three or four level § 3B1.2 adjustment. *See United States v. Conn*, 657 F.3d 280, 286 (5th Cir. 2011).

With respect to Rodriguez-Castro's remaining assertion that the district court erred in denying him a two level minor role adjustment under § 3B1.2(b), there was no clear procedural error. *See United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). The presentence report (PSR) determined that

No. 15-41631

Rodriguez-Castro had assisted in distributing 7.1 kilograms of methamphetamine by collecting $35,600 in drug proceeds that he intended to wire to individuals in Mexico. Although Rodriguez-Castro now questions the amount of drug proceeds attributable to him, the PSR's factual finding on that issue was presumed reliable and was properly adopted by the district court, since Rodriguez-Castro failed to offer any rebuttal evidence or even to lodge an objection to it. *See United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015).

The collection and intended international transfer of tens of thousands of dollars in drug proceeds does not constitute minor participation in a drug trafficking conspiracy. *Cf. United States v. Silva-De Hoyos*, 702 F.3d 843, 847 (5th Cir. 2012) (holding that a person merely transporting drugs is not necessarily a minor participant). Moreover, since Rodriguez-Castro was sentenced based only on the drug proceeds with which he was directly involved, his role was not minor, but was "actually coextensive with the conduct for which he was held accountable." *United States v. Garcia*, 242 F.3d 593, 598 (5th Cir. 2001).

Finally, Rodriguez-Castro contends for the first time on appeal that his sentence was substantively unreasonable because the district court did not properly consider his entire life and background, his lack of any criminal history, his full cooperation with the investigation, and all the information in the PSR, and, further, because the district court deprived him of the full benefit of the safety valve reduction by imposing a sentence with the guidelines range applicable prior to the reduction. These arguments constitute a mere "disagreement with the propriety of the sentence imposed[, which] does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

No. 15-41631

The PSR demonstrates that Rodriguez-Castro's guidelines sentencing range took into account his lack of criminal history, as well as his cooperation with investigators, and the record shows that the safety valve reduction lowered Rodriguez-Castro's guidelines imprisonment range from 120 to 135 months to 87 to 108 months. Rodriguez-Castro has thus failed to show that the district court committed a substantive error, plain or otherwise, with respect to his sentence. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The judgment of the district court is AFFIRMED.