# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10063
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANGELA CUPIT,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-152-5

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

Angela Cupit pleaded guilty to conspiracy to possess, with the intent to distribute, 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. She was sentenced, *inter alia*, to 360 months' imprisonment.

For the one issue presented on appeal, Cupit contends the district court erred in finding she was accountable for the total amount of drugs received during the conspiracy, the marijuana equivalent of 238,937.6 kilograms.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-10063

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In initially objecting to the drug quantity the presentence investigation report (PSR) attributed to her, Cupit maintained:  although her co-defendant supplied her with methamphetamine, she was not involved in his distribution to others; therefore, she should only be accountable for amounts she personally distributed.  At sentencing, however, Cupit withdrew her objections to the PSR.

"Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment of a known right."  *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006).  Although forfeited errors are reviewed for plain error; waived errors are unreviewable.  *Id.*  Withdrawing an objection at sentencing constitutes a waiver.  *See United States v. Conn*, 657 F.3d 280, 286 (5th Cir. 2011).  Because Cupit withdrew her objection to the drug-quantity determination, she has waived her sole issue on appeal.  *See, e.g.*, *United States v. Medrano*, 452 F. App'x 469, 470 (5th Cir. 2011) (unpublished).

AFFIRMED.