# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-60753
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NATHANIEL COOPER,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CR-2-2

————

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Nathaniel Cooper appeals his 22-month sentence for making false or fraudulent claims against the United States in violation of 18 U.S.C. § 287. He challenges the district court's determination of the amount of loss attributable to him and its denial of a minor role adjustment. The Government moves to dismiss the appeal, arguing that it is barred by the appeal waiver in Cooper's plea agreement. In the alternative, the Government moves for summary

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affirmance based on the appeal waiver.  Cooper opposes both motions.  Because we conclude that Cooper's challenges to his sentence fail on the merits, we pretermit the question whether the waiver bars the instant appeal and, accordingly, deny the Government's motions.  *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006).

Cooper argues first that the loss amount, which resulted in a six-level guidelines enhancement under U.S.S.G. § 2B1.1(b)(1)(D), was erroneous.  Although he objected to the loss amount in the district court, Cooper withdrew that objection, thereby waiving any claim of error.  *See United States v. Conn*, 657 F.3d 280, 286 (5th Cir. 2011).  "Waived errors are entirely unreviewable[.]" *United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995).

Next, Cooper asserts that the district court erred by denying him a minor role adjustment under U.S.S.G. § 3B1.2 because he was merely a "runner" for a codefendant, who was the ringleader.  We have reviewed the record in light of Cooper's arguments.  Cooper fails to show that the district court's ruling was clearly erroneous.  *See United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005).

The Government's motions to dismiss or, alternatively, for summary affirmance are DENIED.  The judgment of the district court is AFFIRMED.