# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-50843
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jacinto Davalos,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:16-CR-1115-13

———————————————————————

Before Willett, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Jacinto Davalos pleaded guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine, *see* 21 U.S.C. § 846, and to maintaining a drug-involved premises, *see* 21 U.S.C. § 856. The district court sentenced Davalos to concurrent terms of 235 months of imprisonment, followed by five years of supervised release. Pursuant to 21 U.S.C. § 853, the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court also ordered Davalos to forfeit the amount equivalent to selling 1.5 kilograms of cocaine for 46 months, for a total of $1,794,000.

On appeal, Davalos argues that the district court failed to make any factual findings as to whether he actually acquired $1,794,000 or received other substitute property as a result of the crime in light of *Honeycutt v. United States*, 581 U.S. 443 (2017). He asserts that the forfeiture money judgment violates *Honeycutt* because (1) he sold only 0.5 ounces of cocaine per week, and (2) his coconspirators received the vast majority of the proceeds for the drug trafficking organization while he personally obtained "only minimal amounts" that were much lower than $1,794,000.

The Government contends that Davalos waived his challenge to the money judgment. We agree that Davalos waived his challenge to the district court's factual finding that the "crack house" he operated sold 1.5 kilograms of cocaine per month, as he filed written objections to the presentence report regarding this fact finding but subsequently withdrew those objections at sentencing. *See United States v. Conn*, 657 F.3d 280, 286 (5th Cir. 2011).

Davalos did not, however, waive his challenge to the extent he now claims the money judgment is without sufficient factual support. We review this issue for plain error. *See United States v. Omigie*, 977 F.3d 397, 403 (5th Cir. 2020); *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006).

Here, while the district court based its forfeiture calculation on the amount of drugs sold through Davalos's crack house, the court did not make any factual findings as to what portion of those proceeds Davalos actually acquired. The money judgment, therefore, lacks sufficient factual support. The Supreme Court made clear in *Honeycutt* that the provisions of § 853(a) "are in accord with the limitation of forfeiture to property the defendant himself obtained." *Honeycutt*, 581 U.S. at 450. Thus, Davalos has shown a clear or obvious error that affects his substantial rights. *See United States v.*

*Moya*, 18 F.4th 480, 485–86 (5th Cir. 2021); *United States v. Sanjar*, 876 F.3d 725, 750 (5th Cir. 2017); *see also United States v. Davalos*, 810 F. App'x 268, 273 (5th Cir. 2020) ("Because the money judgment against Mr. Davalos is without sufficient factual support, it should be vacated and this case remanded for the purpose of making factual findings regarding the appropriate money judgment.").

Accordingly, we exercise our discretion and VACATE the forfeiture money judgment provision of Davalos's sentence. We REMAND this case to the district court so that it may conduct factfinding regarding the appropriate value of the money judgment in accordance with *Honeycutt*. In all other respects, we AFFIRM.