# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40252

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

RUBEN GARCIA,

      Defendant–Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-810

Before HIGGINBOTHAM, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Ruben Garcia appeals the district court's sentence requiring him to obtain mental health treatment as a special condition of supervised release. We vacate the challenged condition and remand for proceedings consistent with this opinion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40252

**I**

Garcia pleaded guilty to transporting undocumented aliens in violation of 8 U.S.C. § 1324 and was sentenced to sixteen months of imprisonment, within the range recommended by the United States Sentencing Guidelines, followed by a three-year term of supervised release. The district court imposed special conditions of supervised release that included the requirements that Garcia obtain drug treatment, participate in anger management counseling, and participate in a mental health program. It is the condition of mental health treatment that Garcia appeals.

Prior to sentencing, the United States Probation Office prepared a pre-sentence report (PSR) detailing Garcia's criminal history and personal background. The PSR indicated that Garcia had past convictions for theft, resisting arrest, and possession of cocaine. It further detailed numerous prior arrests for theft, driving while intoxicated, driving without a license, assault, failure to identify, and domestic violence. The PSR concluded that Garcia "reported no history of mental or emotional health related problems and this investigation has revealed no information to indicate otherwise." Despite this conclusion, the Probation Office suggested in a subsequent confidential sentencing recommendation that the court require mental health counseling "due to the nature of some of the defendant's prior offenses."

At Garcia's sentencing hearing, the court adopted the PSR's factual findings. The court stated that it used "the factors in 3553(a) to come up with a place in the Guidelines. . . . I considered all of them and think this would be the best possible deterrent and [will best] protect the public." Garcia did not object to the mental health treatment requirement.

Relevant to this appeal, the court's subsequent written judgment stated the following:

2

No. 15-40252

[T]he defendant is required to participate in a mental health treatment program. Further, the defendant shall participate and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant will incur costs associated with such program, based on ability to pay as determined by the probation officer.

Garcia has appealed. He contends that the district court committed reversible plain error because it failed to explain how the mental health condition was reasonably related to the pertinent statutory factors, and argues that no justification for the condition can be inferred from the record. He asks this court to vacate and remand to allow the district court to reconsider the condition "in light of any facts not already contained in the record."

## II

As Garcia failed to challenge the condition in the district court, our review is limited to plain error.[1] Garcia must show "(1) there is error . . . ; (2) it is plain; and (3) it affects [his] substantial rights."[2] Even if Garcia meets this burden, we have discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[3]

Though a district court may impose any condition of supervised release it considers to be appropriate, three limitations curtail this discretion.[4] First, a condition must be "reasonably related" to one of four[5] statutory factors enumerated in 18 U.S.C. § 3553(a):

(1) the nature and characteristics of the offense and the history and characteristics of the defendant, (2) the deterrence of criminal

---

[1] *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

[2] *Id.* at 392.

[3] *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

[4] *United States v. Fields*, 777 F.3d 799, 802-03 & n.12 (5th Cir. 2015).

[5] *United States v. Miller*, 665 F.3d 114, 136 (5th Cir. 2011) ("A condition of supervised release must be related to any of these factors, though not necessarily all of them.").

conduct, (3) the protection of the public from further crimes of the defendant, and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant.[6]

Second, a condition cannot "impose any 'greater deprivation of liberty than is reasonably necessary'" for the purposes of the latter three factors.[7]  Finally, it must be consistent with pertinent policy statements issued by the United States Sentencing Commission, one of which is relevant here.[8]  According to the Commission, mental health treatment is justified "[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment."[9]

A district court is required by statute to provide reasons justifying the imposition of special conditions.[10]  In *United States v. Salazar*, we held that a district court "abuse[s] its discretion by not explaining how [a special condition] is reasonably related to the statutory factors."[11]  When a court so errs, a sentence may nevertheless be upheld if the "court's reasoning can be inferred

---

[6] *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009) (citing 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D)).

[7] *Id.* (quoting 18 U.S.C. § 3583(d)(2)).

[8] *Id.* (citing 18 U.S.C. § 3583(d)(3)).

[9] U.S.S.G. § 5D1.3.

[10] *See* 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence."); *see also United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014) (citing *United States v. Warren*, 186 F.3d 358, 366 (3d Cir. 1999)).

[11] *Salazar*, 743 F.3d at 451; *see also United States v. Gilman*, 478 F.3d 440, 446 (1st Cir. 2007) ("While we have on occasion gone to significant lengths in inferring the reasoning behind, and thus in affirming, some less-than-explicit explanations by district courts, there are limits." (citations omitted)); *United States v. Davis*, 452 F.3d 991, 995-96 (8th Cir. 2006) ("Judges have broad discretion to tailor conditions of supervised release . . . . The public expects the courts to exercise that discretion, not impose a special condition as a matter of course."); *Warren*, 186 F.3d at 366 ("[C]ourts of appeals have consistently required district courts to set forth factual findings to justify special probation conditions.").

No. 15-40252

after an examination of the record."[12]  But when the "district court's rationale is unclear, 'it is incumbent upon us to vacate, though not necessarily to reverse.'"[13]

We conclude that Garcia has met his burden to show error.  The district court's reiteration of two of the § 3553(a) factors, deterrence and protection of the public—did not adequately explain how the mental health condition reasonably related to the cited statutory factors.

It is not obvious from the record that there is a basis for the mental health condition.  The Probation Office stated that its recommendation was based on "the nature of some of [Garcia's] prior offenses."  But there is no explanation of how his prior offenses reflect or suggest the need for mental health treatment.  "[T]his error is plain because *Salazar* does not leave it open to reasonable dispute."[14]

The imposition of the mental health treatment condition affects Garcia's substantial rights. The treatment is to be provided at his expense, if he is able to afford it, and the condition constitutes an indication in a public record that his mental condition is such that he requires mental health treatment.

The fourth prong of plain-error review requires us to consider whether we should exercise our discretion to remedy the error.  The Government argues that we should not because Garcia may petition the court to modify the condition pursuant to 18 U.S.C. § 3583(e)(2).  In *United States v. Prieto*, we declined to exercise our discretion, noting that "a defendant faces an uphill battle when he seeks to convince us that a modifiable condition 'seriously

---

[12] *Salazar*, 743 F.3d at 451 (quoting *United States v. Perazza–Mercado*, 553 F.3d 65, 76 (1st Cir. 2009)).

[13] *Id.* (quoting *Gilman*, 478 F.3d at 446).

[14] *United States v. Prieto*, 801 F.3d 547, 553 (5th Cir. 2015) (per curiam) (citing *Salazar*, 743 F.3d at 451).

affect[s] the fairness, integrity or public reputation of judicial proceedings.'"[15] But this bar is not insuperable,[16] and we have exercised our discretion when the particular facts of a case warrant relief.[17]  In the present case, there are significant autonomy and privacy concerns inherent in mental health treatment, as well as the financial cost to Garcia and the state.[18]  There is also a potential stigma in being required by a court to submit to mental health treatment.

*     *     *

For the foregoing reasons, we VACATE the condition of Garcia's supervised release requiring him to participate in mental health treatment. We REMAND for the district court to reconsider whether to impose the condition.

---

[15] *Id.* at 554 (alteration in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

[16] *Id.* ("[T]he modifiable nature of a special condition is not dispositive . . . ."). We of course chose not to exercise our discretion in *Prieto*. *See Prieto*, 801 F.3d at 554-55. But unlike Prieto, Garcia had no notice that the PSR recommended the challenged special condition. *Id.* at 554. And Garcia's criminal history, as opposed to Prieto's, gives no indication that mental health treatment, separate and apart from drug treatment and anger management counseling, would be necessary or beneficial. *Id.* Moreover, the privacy and financial concerns arising from a mental health treatment condition arguably create a greater injustice than a condition banning the possession of sexually explicit materials, the special condition at issue in *Prieto*. *Id.* at 5493.

[17] *See, e.g.*, *United States v. Mahanera*, 611 F. App'x 201, 205 (5th Cir. 2015) (per curiam); *United States v. Flores-Guzman*, 121 F. App'x 557, 558 (5th Cir. 2005) (per curiam); *see also United States v. Davis*, 452 F.3d 991, 995-96 (8th Cir. 2006); *United States v. Warren*, 186 F.3d 358, 362, 366-67 (3d Cir. 1999).

[18] *United States v. Pruden*, 398 F.3d 241, 250 (3d Cir. 2005) ("[I]mposition of a condition of supervised release creates significant costs for the probation system . . . .").