# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31124

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JEFFREY GUILLOTTE,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CR-51

Before CLEMENT and HAYNES, Circuit Judges, and GARCIA MARMOLEJO, District Judge.*

PER CURIAM:**

Jeffrey Guillotte (Guillotte) pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced Guillotte to 60 months of imprisonment, and imposed several standard and special conditions of supervised release, including a lifetime ban

---

\* District Judge of the Southern District of Texas, sitting by designation.

\*\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31124

on "access to any computer that is capable of internet access." On appeal, Guillotte challenges the procedural and substantive reasonableness of his sentence and the latter special condition. For the reasons stated herein, we AFFIRM the procedural and substantive reasonableness of Guillotte's sentence, VACATE the special condition of supervised release imposing a lifetime ban on Internet access, and REMAND for resentencing proceedings consistent with this opinion.

I.

On September 15, 2014, Guillotte was sentenced to 60 months of imprisonment after having pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Before departures, Guillotte's total offense level at sentencing was 30 and his criminal history category was I, which resulted in a Guidelines range of 97–120 months after accounting for the 10-year statutory maximum. Prior to sentencing, Guillotte filed a sentencing memorandum, detailing his mental health history and arguments in mitigation, and proposing a community-based sentence. At sentencing the district court varied downward to the Government's recommendation of 60 months of imprisonment, followed by a lifetime of supervised release. As one of the special conditions of supervision, the district court imposed a lifetime prohibition on "access to any computer that is capable of internet access."

After sentencing, Guillotte filed a motion requesting that the district court clarify why it rejected his mitigation arguments. The district court denied the motion after reviewing the contents of the sentencing hearing and reemphasizing that it had considered all of the materials before it. Guillotte filed a timely notice of appeal.

No. 14-31124

## II.

Guillotte first argues that his sentence is both procedurally and substantively unreasonable. Specifically, Guillotte claims that the district court committed procedural error by failing to explain why his need for mental health treatment did not justify a community-based sentence. He further contends the resulting sentence of 60 months of imprisonment is substantively unreasonable.

We review the reasonableness of the sentence imposed for abuse of discretion, and proceed in two stages. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). First, the court determines if the district court made any procedural errors, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to sufficiently explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no procedural error, the court then considers the substantive reasonableness given the "the totality of the circumstances." *Id.*

To begin, considering the terms of supervised release separately below, we find no procedural error in Guillotte's 60-month sentence. Under 18 U.S.C. § 3553(c), a sentencing court must state "the reasons for its imposition of the particular sentence." For sentences within the Guidelines, little explanation is necessary; however, when parties present nonfrivolous or legitimate reasons for departure "the judge will normally go further and explain why he has rejected those arguments." *Mondragon-Santiago*, 564 F.3d at 362 (quoting *Rita v. United States*, 551 U.S. 338, 356–57 (2007)). The ultimate goal of this explanation is to allow for meaningful appellate review. *Id.* at 360.

Here, we find that the district court did not fail to adequately explain Guillotte's sentence. The record shows that the district court had Guillotte's detailed sentencing memorandum before it, which explained his mental health concerns and other mitigation, and the district court stated it had reviewed the

3

No. 14-31124

materials.  The district court also heard the Government's recommendation for a downward variance to 60 months of imprisonment and Guillotte's arguments for community supervision that emphasized his strong support system. Finally, before sentencing Guillotte the district court referenced the § 3553(a) factors and explained it had arrived at the sentence based on the seriousness of the offense, the need to protect the public and avoid unwarranted sentence disparities, and the Government's recommendation.  Accordingly, the district judge's reasoning was clear and no further explanation was required. Moreover, in the order denying Guillotte's motion for clarification, the district court reiterated that it had extensively reviewed the documents submitted by the defendant and the specific facts of the case prior to imposing the sentence.

Next, considering the substantive reasonableness of Guillotte's sentence, we find no error.  A below-Guidelines sentence is entitled to a presumption of reasonableness.  *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015); *see id.* at 559 (holding defendant failed to rebut the presumption of reasonableness afforded to his below-guidelines sentence).  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  "A defendant's disagreement with the propriety of his sentence does not suffice to rebut the presumption . . . ."  *United States v. Camero-Renobato*, 670 F.3d 633, 636 (5th Cir. 2012) (per curiam).

Here, Guillotte takes issue with the district court's rejection of his proposed sentence of community supervision.  As explained above, the district court clearly considered and rejected these arguments while balancing the § 3553(a) factors.  Because Guillotte has failed to present any other arguments

4

No. 14-31124

beyond disagreement with the propriety of his below-Guidelines sentence, we hold his sentence is not substantively unreasonable.

III.

Guillotte also contends that the district court's special condition prohibiting him from using any computer capable of Internet access is overly broad.  Because Guillotte did not object to this condition in the district court, we review for plain error.  To show plain error, Guillotte must show an error that is clear or obvious, and affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  In the ordinary case, a sentencing error affects a defendant's substantial rights if it affected the outcome of the proceedings in the district court.  *Id.*  When those elements are shown, the court has the discretion to remedy the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

After Guillotte's sentencing, this court held in *United States v. Duke*, 788 F.3d 392 (5th Cir. 2015) (per curiam), that absolute lifetime bans on computer or Internet access are not permissible, noting that such bans must be "narrowly tailored either by scope or by duration."  *Id.* at 399.  Therefore, as the Government concedes, the district court committed plain error.  *See Henderson v. United States*, 133 S. Ct. 1121, 1130–31 (2013) ("[I]t is enough that an error be plain at the time of appellate consideration . . . .") (internal quotations omitted).  We conclude that the error affected Guillotte's substantial rights.  *Puckett*, 556 U.S. at 135.  Under these circumstances, and considering the agreement of the parties that remand is appropriate, we exercise our discretion to notice the error, vacate this condition, and remand for resentencing as to the supervised release conditions.

IV.

For the reason herein stated, we AFFIRM the procedural and substantive reasonableness of Guillotte's sentence, VACATE the lifetime

No. 14-31124

Internet ban imposed as a special condition of supervised release, and REMAND to the district court for resentencing proceedings consistent with this opinion.