# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40718
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO ALEJANDRO GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-2710-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Francisco Alejandro Garcia appeals two special conditions of supervised release imposed after a prior term of supervised release was revoked. He contends that the district court committed plain error by ordering him to participate in a mental health program without explaining how the mental health special condition was related to the statutory factors of 18 U.S.C. § 3553(a) as applicable under 18 U.S.C. § 3583(d). He further contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40718

the district court committed plain error with regard to the mental health condition and a condition that he undergo anger management counseling because the court improperly delegated to the probation officer the judicial authority to decide whether the conditions are "necessary."

Citing our unpublished decision in *United States v. Ruben Garcia*, No. 15-40252, 2016 WL 386141, 2 (5th Cir. Feb. 1, 2016), the Government agrees that the district court committed plain error by imposing the mental health condition without offering adequate justification.  Accordingly, the Government moves, without opposition, to vacate the mental health condition and remand for resentencing so that the district court can either vacate that condition or provide the required statutory rationale for imposing it.

The Government does not explicitly agree with Garcia's contention that the judicial function was impermissibly delegated to the probation officer. Nonetheless, the Government moves to vacate both special conditions and to remand the case so that the district court may avoid improper delegation by either vacating the conditions or modifying the judgment to make participation clearly mandatory while leaving various details to the probation officer, in accordance with our unpublished decision in *United States v. Lomas*, No. 14-20259, 2016 WL 536835, 5-6 (5th Cir. Feb. 10, 2016).

The Government's motion is GRANTED.  The special conditions ordering participation in a mental health program and anger management counseling are VACATED, and the case is REMANDED for resentencing consistent with this opinion.