# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41309
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY JEROME LUKE, also known as Steve Edward Benson, also known as Phillip Brown, also known as Roy Evans, also known as Happy Luke, also known as Walter Mitchell, also known as Robert Bowers, also known as Sean Campbell, also known as Skip, also known as Miami,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CR-282-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Timothy Jerome Luke was convicted by a jury of conspiracy to make, utter, and possess counterfeit securities. He was sentenced to 60 months of imprisonment and to a 3-year term of supervised release. Following a revocation hearing, the district court revoked Luke's supervised release and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41309

sentenced Luke to 12 months in prison and a term of 24 months of supervised release.  The district court re-imposed the original special conditions of supervised release, including a nighttime restriction and drug surveillance.

Luke argues that the district court committed reversible error when it imposed these special conditions of supervised release without any factual findings or explanation.  He also argues that counsel was ineffective for failing to object to these special conditions.  As Luke concedes, our review is for plain error only.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007; *Puckett v. United States*, 556 U.S. 129, 135 (2009).

A district court has broad discretion in deciding what conditions of supervised release to impose, but the special conditions must be related to the sentencing factors in 18 U.S.C. § 3553(a).  *United States v. Ferguson*, 369 F.3d 847, 852 (5th Cir. 2004).  It is an abuse of discretion for a district court to fail to explain the reasons for imposing special conditions of supervised release. *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014); *United States v. Prieto*, 801 F.3d 547, 553 (5th Cir. 2015).  The district court offered no explanation for imposing the nighttime restriction and drug surveillance as special conditions of supervised release.  The Government concedes reversible plain error in this case.  Although we are not bound by this concession, our independent review confirms the Government's assessment of the merits of Luke's argument.  *See United States v. Castaneda*, 740 F.3d 169, 171 (5th Cir. 2013).

Accordingly, we VACATE Luke's sentence and REMAND for the limited purpose of reconsidering the imposition of the special conditions of supervised release of the nighttime restriction and drug surveillance.