**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 16-40194

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROLANDO MENDOZA-VELASQUEZ,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges.

PER CURIAM:

This appeal arises from a district court's judgment requiring Rolando Mendoza-Velasquez to "participate in a mental health program" and "incur costs associated with such program, based on ability to pay" as a special condition of supervised release. The sole issue on appeal is whether the district court committed reversible plain error by imposing this requirement. Because Mendoza-Velasquez has not carried his burden of showing that he satisfies the stringent requirements of the fourth prong of the plain error test, we AFFIRM.

I.

Mendoza-Velasquez pleaded guilty, pursuant to a written plea agreement, to conspiracy to transport an illegal alien, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(A)(v)(I), and (a)(1)(B)(i). Mendoza-Velasquez's

No. 16-40194

presence report ("PSR") noted that he has: (1) a lengthy criminal history involving offenses such as assault, robbery, theft, and drug violations; and (2) a long history of substance abuse that includes daily use of alcohol, marijuana laced with crack cocaine, ecstasy, LSD, cocaine, and Xanax bars. Additionally, the PSR highlighted that Mendoza-Velasquez had engaged in "continued criminal conduct" while awaiting sentencing in jail. Specifically, Mendoza-Velasquez had gotten into an altercation and punched a detainee, leaving him with a bloody eye and in need of emergency medical care.[1] Notably, however, the PSR stated that Mendoza-Velasquez "reported no history of mental or emotional health related problems and [Probation's] investigation ha[d] revealed no information to indicate otherwise."

The district court sentenced Mendoza-Velasquez to fifty-one months of imprisonment and three years of supervised release. The court also imposed several conditions of supervised release. Relevant to this appeal, the court required Mendoza-Velasquez "to participate in a mental health program" and "to incur [its] costs . . . based on [his] ability to pay." Mendoza-Velasquez did not object to this condition before the district court.

Mendoza-Velasquez has timely appealed. He contends that the district court committed reversible error by imposing the mental health condition.

II.

Because Mendoza-Velasquez did not object below to the district court's imposition of the mental health condition, this Court reviews that decision for plain error. *United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009).

---

[1] At the sentencing hearing, the district court heard testimony that established that the detainee Mendoza-Velasquez punched was a bystander trying to break up a fight between Mendoza-Velasquez and another detainee over a television show.

2

No. 16-40194

A.

Mendoza-Velasquez asserts that the district court clearly erred by imposing a condition that cannot be reasonably related to any of 18 U.S.C. § 3583(d)(1)'s sentencing factors, which § 3583(d) requires, because nothing in the record suggests that Mendoza-Velasquez needs mental health treatment. Moreover, there is no difference, Mendoza-Velasquez avers, between his case and *United States v. Garcia*, 638 F. App'x 343 (5th Cir. 2016), a case in which a district court imposed a similar condition on similar facts. In each case, the imposition of the condition affected the appellant's substantial rights because each appellant was required to pay for mental health treatment if he could afford to do so and had to deal with a public record indicating that he had a mental condition requiring treatment. Further, each case merited the Court exercising its discretion to remedy the district court's error because "there are significant autonomy and privacy concerns inherent in mental health treatment" and there is "a potential stigma in being required by a court to submit to mental health treatment." Therefore, as in *Garcia*, the Court should vacate the mental health condition the district court imposed and remand for reconsideration of that condition.

The Government counters that the district court did not commit any error in imposing the mental health condition because the court's reasoning can be inferred from the record and the condition was reasonably related to the statutory factors based on record evidence of Mendoza-Velasquez's violent character and history of using Xanax, an anti-anxiety medication. Moreover, *Garcia* is distinguishable. And regardless of the merits of his arguments, the Government maintains, Mendoza-Velasquez cannot prevail because he does not satisfy the fourth prong of the plain error review analysis.

No. 16-40194

B.

To show reversible plain error, Mendoza-Velasquez bears the burden of establishing each prong of a four-prong test.  He must show "(1) an error (2) that is clear or obvious, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Nava*, 762 F.3d 451, 452 (5th Cir. 2014) (citations omitted). The Supreme Court has explained that "appellate-court authority to remedy [an] error" under this test "is strictly circumscribed." *Puckett v. United States*, 556 U.S. 129, 134 (2009).  The standard mandates "considerable deference to the district court" and focuses on "whether the severity of the error's harm demands reversal, . . . not whether the district court's action . . . deserves rebuke." *United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc) (citation and internal quotation marks omitted); *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).  After all, "plain-error review is not a grading system for trial judges." *Henderson v. United States*, 133 S. Ct. 1121, 1129 (2013).  The appellant's burden, then, "is difficult, as it should be." *Puckett*, 556 U.S. at 135 (citation and internal quotation marks omitted).

An appellant bears a particularly heavy burden to satisfy the "stringent requirements" of the fourth prong of the plain error test. *Escalante-Reyes*, 689 F.3d at 423.  "The Supreme Court recently highlighted" that this prong is "an independent criterion that helps guard against any potential 'floodgates' of plain error corrections." *United States v. Andaverde-Tinoco*, 741 F.3d 509, 523 (5th Cir. 2013) (quoting *Henderson*, 133 S. Ct. at 1130).  And this Court has emphasized "that errors warranting fourth-prong correction are rare and egregious" such that they "would shock the conscience of the common man, serve as a powerful indictment against our system of justice, or seriously call into question the competence or integrity of the district judge." *United States*

4

No. 16-40194

*v. Scott*, 821 F.3d 562, 571 (5th Cir. 2016); *United States v. Segura*, 747 F.3d 323, 331 (5th Cir. 2014) (citation omitted).

Ultimately, courts must look to "the degree of the error and the particular facts of the case" to determine whether the appellant satisfied his burden on the fourth prong of the plain error test because "a *per se* approach to plain-error review is flawed." *Scott*, 821 F.3d at 571–72 (citation omitted); *United States v. Prieto*, 801 F.3d 547, 554 (5th Cir. 2015) (quoting *Puckett*, 556 U.S. at 142). But this Court has recognized that "[t]he protracted nature of [a defendant's] criminality" counsels against "conclud[ing] that the district court's decision" violated the fourth prong. *Segura*, 747 F.3d at 331; *see Prieto*, 801 F.3d at 554; *Weatherton*, 567 F.3d at 153–54. The Court has also acknowledged that "a defendant faces an uphill battle when he seeks to convince us that a modifiable condition" of supervised release satisfies the fourth prong's requirements because "the modifiable nature of [the] condition[] . . . 'works a less significant deprivation of liberty than [a condition] which cannot be altered.'" *Prieto*, 801 F.3d at 554 (citations omitted); *see also United States v. Silvious*, 512 F.3d 364, 371 (7th Cir. 2008); *United States v. Padilla*, 415 F.3d 211, 222–23 (1st Cir. 2005) (en banc).

## C.

Mendoza-Velasquez has not shown that the district court committed reversible plain error because he has not satisfied the stringent requirements of the fourth prong of the plain error test, even assuming *arguendo* that he has satisfied the first three prongs. The district court's imposition of the mental health condition here cannot be classified as a "rare and egregious" error that "shock[s] the conscience of the common man, serve[s] as a powerful indictment against our system of justice, or seriously call[s] into question the competence or integrity of the district judge." *Scott*, 821 F.3d at 571; *Segura*, 747 F.3d at

5

331 (citation omitted).  Unlike the *Garcia* defendant, Mendoza-Velasquez was not ordered to "participate in anger management counseling" as a special condition of supervised release.  *Garcia*, 638 F. App'x at 344.  Additionally, the record indicates that Mendoza-Velasquez has an extensive criminal history stretching back to when he was fourteen years of age.  This lengthy criminal history counsels against the Court rectifying any error in this case.  *E.g.*, *Prieto*, 801 F.3d at 554; *Segura*, 747 F.3d at 331.

Moreover, the mental health condition is modifiable, which "weighs heavily" against finding that prong four has been satisfied.  *Prieto*, 801 F.3d at 554.  Mendoza-Velasquez is not, after all, without redress.  Under 18 U.S.C. § 3583(e)(2), he may seek modification of the condition "at any time" during his supervised release, and Fed. R. Crim. P. 32.1 allows a district court to hold a hearing on modification.  "Encouraging this simple expedient to remedy erroneously imposed conditions, rather than perpetuating expensive and time-consuming appeals and resentencings, *promotes* the integrity and public reputation of criminal proceedings."  *Silvious*, 512 F.3d at 371.

In short, Mendoza-Velasquez "has not met his burden to persuade [the Court] that [any] error resulted in a serious injustice."  *Prieto*, 801 F.3d at 554.  And "[o]n these facts, [the Court likely] cannot say that the district court's imposition of the [mental health condition] so seriously threatens the fairness, integrity, or public reputation of the court system that [this Court] must correct it."  *Id.*  Therefore, plain-error correction is unwarranted.

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.