# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41188
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO ESCOBEDO, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-1139-1

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alfredo Escobedo, Jr., appeals the 30-month sentence imposed following his conviction of conspiracy to transport undocumented aliens and two counts of transportation of an undocumented alien. He contends that the district court clearly erred when it denied his request for a mitigating role adjustment under U.S.S.G. § 3B1.2 and that the district court plainly erred when it imposed a nighttime restriction as a special condition of his supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41188

*Mitigating Role*

As an initial matter, the Government argues that Escobedo waived any argument concerning a three or four-level reduction under § 3B1.2. Based on the record before us, we decline to conclude that Escobedo intentionally relinquished any such argument. *See United States v. Conn*, 657 F.3d 280, 286 (5th Cir. 2011).

Escobedo objected prior to sentencing and argued at the sentencing hearing that his role in the offense was peripheral and that he was less culpable than other participants in the offense. Accordingly, our review of the issue is for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).

Section 3B1.2 of the Sentencing Guidelines instructs sentencing courts to decrease a defendant's offense level by four levels "[i]f the defendant was a minimal participant in any criminal activity," two levels "[i]f the defendant was a minor participant in any criminal activity," and three levels if the defendant's level of participation fell between minimal and minor. *Gomez-Valle*, 828 F.3d at 328 (citing § 3B1.2). A "participant" is a person who is criminally responsible for the offense, regardless of whether the person has been convicted. § 3B1.2, comment. (n.1) (citing U.S.S.G. § 3B1.1, comment. (n.1)). A mitigating role adjustment is available to any defendant "who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." § 3B1.2, comment. (n.3(A)). A minimal participant is one who "plays a minimal role in the criminal activity" and "is plainly among the least culpable of those involved in the conduct of a group." § 3B1.2, comment. (n.4). A "minor participant" is any participant "who

No. 16-41188

is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." § 3B1.2, comment. (n.5).

The defendant has the burden of demonstrating his entitlement to a minor role adjustment. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). A decision whether to apply § 3B1.2 is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." § 3B1.2, comment. (n.3(C)). Under this court's precedents, a § 3B1.2 adjustment is not warranted simply because a defendant "does less than other participants." *United States v. Miranda*, 248 F.3d 434, 446 (5th Cir. 2001), *not followed on other grounds by United States v. Walker*, 302 F.3d 322, 324 (5th Cir. 2002) (analyzing error based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). To qualify as a minor participant, the defendant must have been peripheral to the advancement of the illicit activity. *United States v. Villaneuva*, 408 F.3d 193, 204 (5th Cir. 2005).

The facts in the Presentence Report (PSR) and the stipulation of facts indicate that Escobedo was an average participant in the offense in comparison to his codefendant, Eusebio Salazar, and the unindicted coconspirators. Although he was not the driver of the vehicle, he and Salazar drove together from Houston, Texas, to the Rio Grande Valley area to pick up the undocumented aliens and planned to drive them back to Houston. The aliens gave post-arrest statements that they paid $5000 to be smuggled into the United States. Even though there is no evidence that the aliens paid anything directly to Escobedo and Salazar, it was reasonable for the district court to infer that under the circumstances Escobedo and Salazar were to be paid for transporting the aliens to Houston. The district court was entitled to adopt and rely on the information in the PSR because it had an evidentiary basis and Escobedo did not present any rebuttal evidence to demonstrate that the

information was unreliable.  *See United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007).  Further, the district court was not required to state expressly that it had considered each factor set forth in the commentary to § 3B1.2 on the record at the sentencing hearing.  *See United States v. Torres-Hernandez*, 843 F.3d 203, 209 (5th Cir. 2016).  Escobedo did not meet his burden of showing that he was entitled to a mitigating role reduction.  *See Castro*, 843 F.3d at 612.  The district court's finding that Escobedo was not entitled to a mitigating role reduction is not clearly erroneous because it is plausible in light of the record as a whole.  *See Coleman*, 609 F.3d at 708.

For the first time on appeal, Escobedo asserts that the district court erred in imposing a nighttime restriction as a special condition of his supervised release.  Because he did not raise this issue in the district court, review is limited to plain error.  *See United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009).  To prevail under this standard, he must identify (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he satisfies these requirements, the court may, in its discretion, correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

The district court provided no explanation for imposing the nighttime restriction special condition, and the district court's reasoning cannot be inferred after an examination of the record.  It was a clear and obvious error for a district court to fail to explain the reasons for imposing the nighttime restriction special condition.  *See United States v. Prieto*, 801 F.3d 547, 553 (5th Cir. 2015); *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014).  Further, the error affected Escobedo's substantial rights because, had the error not occurred, he would not have been subject to the nighttime restriction special

condition as there was no record evidence to support it. *See Prieto*, 801 F.3d at 553. Escobedo has satisfied the first three prongs of the plain error standard.

Although Escobedo's counsel stated in his objections to the PSR that the material witnesses stated that Escobedo waved them into the vehicle at night, there is no other evidence in the record to indicate that the instant offense occurred at night, and there is no evidence that any of Escobedo's prior criminal offenses occurred at night. While the nighttime restriction is modifiable by agreement of his probation officer, this factor does not bar relief. *See United States v. Garcia*, 638 F. App'x 343, 346 (5th Cir. 2016). Escobedo's case is distinguishable from *Prieto* because he did not have notice of the nighttime restriction prior to sentencing, and his criminal history provided no indication that this condition was necessary or beneficial. The district court's failure to provide an explanation and the lack of record evidence to support the nighttime restriction warrant the exercise of our discretion to correct the plain error. *See United States v. Luke*, 667 F. App'x 128, 129 (5th Cir. 2016); *Garcia*, 638 F. App'x at 346; *United States v. Mahanera*, 611 F. App'x 201, 203 (5th Cir. 2015). Accordingly, we VACATE Escobedo's sentence and REMAND the case to the district court for the limited purpose of reconsideration of the imposition of the nighttime restriction special condition of supervised release.