# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50541

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

LUIS ANTONIO HERNDON, true name Luis Antonio Herndon-Aguirre,

    Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-2480-1

Before HIGGINBOTHAM, JONES, and DUNCAN, Circuit Judges.

PER CURIAM:*

Appellant Luis Antonio Herndon challenges certain conditions of supervised release relating to use of computers and the internet and to his ability to associate with minors. Reviewing for plain error, we vacate all special conditions of supervised release and remand to the district court for further consideration.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50541

## I.

Luis Antonio Herndon pled guilty to one count of receipt and distribution of a visual depiction involving the sexual exploitation of a minor and one count of possession of child pornography. During the investigation leading to his arrest, preliminary examination of Herndon's laptop and cell phone revealed 10 files containing child pornography. Herndon ultimately admitted to sending and receiving child pornography online but claimed he had never touched a child inappropriately. He also admitted he had played with children who live near him and had given them candy or food, "but never with a purpose to entice them to perform any sexual activity." A forensic examination of Herndon's laptop revealed over 13,000 images and 100 videos containing "child sexual abuse material." Herndon's cellular phone contained over 200 images and two videos depicting similar material.

At the sentencing hearing, Herndon confirmed that he had no objections to the PSR and that he had discussed and reviewed the PSR with counsel. The district court sentenced Herndon within the applicable Guidelines range to two concurrent custodial terms of 136 months and a life term of supervised release. The district court also ordered Herndon to pay $25,500 in restitution to the victims of his offense and a special assessment of $5,000 for each count of conviction pursuant to the Justice for Victims of Trafficking Act of 2015.[1]

Relevant here, the district court imposed several special conditions of supervised release, all of which were recommended in the PSR. On appeal, Herndon challenges the conditions barring him from (1) using or possessing

---

[1] *See* 18 U.S.C. § 3014

No. 18-50541

computers,[2] (2) accessing the internet,[3] (3) having contact with children,[4] and (4) going to places where children might be present.[5] Herndon contends that these lifetime bans are overbroad and unduly burdensome and that the district court failed to articulate reasons or make factual findings supporting them.

## II.

We review criminal sentences, including conditions of supervised release, in two steps.[6] First, we ensure that the district judge committed no significant procedural error, then we review the substantive reasonableness of the sentence for abuse of discretion.[7] As Herndon concedes, he did not object to the special conditions or the district court's lack of reasoning, so we review for plain error.[8] Plain error exists if (1) there is an error, (2) the error is plain, and (3) the error affects the defendant's substantial rights.[9] "Once those three conditions have been met, 'the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or

---

[2] "The defendant shall not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)), or other electronic communications or data storage devices or media."

[3] "The defendant shall not access the Internet."

[4] "The defendant shall not have direct contact with any child the defendant knows or reasonably should know to be under the age of 18, including his own children, without the permission of the probation officer. If the defendant has any direct contact with any child the defendant knows or reasonably should know to be under the age of 18, including his own children, without the permission of the probation officer, the defendant must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public areas."

[5] "The defendant shall not go to, or remain at any place where the defendant knows children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities."

[6] *United States v. Scott*, 821 F.3d 562, 567 (5th Cir. 2016).

[7] *Id.*

[8] *See United States v. Sealed Juvenile*, 781 F.3d 747, 751 (5th Cir. 2015) (applying plain-error review to a lack of reasons for imposing special conditions).

[9] *United States v. Gordon*, 838 F.3d 597, 604 (5th Cir. 2016) (quoting *United States v. Garcia-Carrillo*, 749 F.3d 376, 378 (5th Cir. 2014) (per curiam)).

No. 18-50541

public reputation of judicial proceedings."'[10] The exercise of discretion at this fourth prong requires a "case-specific and fact-intensive inquiry," as "[t]here may be instances where countervailing factors" convince this Court that the fairness, integrity and public reputation of the proceedings "will be preserved absent correction."[11]

## III.

"A district court has wide, but not unfettered, discretion in imposing terms and conditions of supervised release."[12] That discretion is limited in two ways:

> First, the condition of supervised release must be "reasonably related" to one of four statutory factors: (1) the nature and characteristics of the offense and the history and characteristics of the defendant; (2) the need for deterrence of criminal conduct; (3) the need to protect the public from further crimes of the defendant; and (4) the need to provide the defendant with vocational training, medical care, or other correctional treatment. Second, the condition must be narrowly tailored such that it does not involve a "greater deprivation of liberty than is reasonably necessary" to fulfill the purposes set forth in [18 U.S.C.] § 3553(a).[13]

Further, the sentencing court must state "the reasons for its imposition of the particular sentence."[14] However, even where the district court does not make factual findings or state reasons for a special condition, we may still affirm that condition if we can infer the district court's reasoning after an examination of the record.[15]

---

[10] *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (quoting *Molina–Martinez v. United States*, 136 S.Ct. 1338, 1342 (2016)).

[11] *Id.* at 1909.

[12] *United States v. Duke*, 788 F.3d 392, 398 (5th Cir. 2015) (per curiam).

[13] *Scott*, 821 F.3d at 569–70 (quoting *Duke*, 788 F.3d at 398) (citation omitted).

[14] *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014) (quoting 18 U.S.C. § 3553(c)).

[15] *United States v. Alvarez*, 880 F.3d 236, 240 (5th Cir. 2018) (citing *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015)).

No. 18-50541

Herndon contends the district court committed procedural error in failing to make factual findings justifying the four conditions at issue.[16] Indeed, the district court gave no reasons for the special conditions orally at sentencing. In other cases, though, we have found the § 3553 allocution requirement was satisfied by written reasons included in the judgment[17] or Statement of Reasons (SOR).[18] In this case, neither the judgment nor the SOR included additional reasons or factual findings, although the PSR (adopted by the court in its SOR) accompanied its recommendations with brief reasons.[19] But the PSR's reasons are conclusory recitations of the statutory factors or otherwise do not aid our review.[20] Thus, we will find clear and obvious error

---

[16] As an initial matter, the Government argues that Herndon failed to raise this "fact-involved sentencing objection" below and that "[q]uestions of fact capable of resolution by the district court upon proper objection . . . can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Yet the issue Herndon raises relates to procedural error, not to a disputed fact issue. We routinely reviewed this question—whether a district court committed plain error by failing to provide reasons for special conditions of supervised release where the defendant failed to object—without reference to the *Lopez* rule regarding fact-based challenges. *See, e.g., United States v. Sealed Juvenile*, 781 F.3d 747, 751–52 (5th Cir. 2015). In any event, the Supreme Court held "there is no legal basis for the Fifth Circuit's practice of declining to review certain unpreserved factual arguments for plain error" under *Lopez*. *Davis v. United States*, 589 U.S. ___ (2020).

[17] *Sealed Juvenile*, 781 F.3d at 752 (looking to reasons offered in the judgment where none were provided during the sentencing hearing).

[18] *Duke*, 788 F.3d at 396 (looking to reasons offered in the SOR).

[19] The computer and internet bans were recommended "because of the nature and circumstances of the instant offense, to protect the public from further crimes, and to support any of the recommendations made by the therapist during Herndon-Aguirre's sex offender treatment." The associational ban was recommended "due to the nature and circumstances of the instant offense, and to deter Herndon-Aguirre from engaging in behavior associated with the instant offense, and monitor compliance with the requirements of the Sex Offender Registration and Notification Act, once he is registered as a sex offender." The locational ban was recommended "because of the nature and circumstances of the instant offense, to closely monitor Herndon-Aguirre's behavior in the community, to protect the public from further crimes, and to ensure Herndon-Aguirre is in compliance with the requirements under the Sex Offender Registration and Notification Act once he is registered as a sex offender."

[20] In *United States v. Garcia*, we found error on plain-error review where the district court offered a mere oral recitation of two factors—deterrence and protection of the public—without more. 638 F. App'x 343, 346 (5th Cir. 2016) (unpublished); *see id.* at 345 ("The court stated that it used 'the factors in 3553(a) to come up with a place in the Guidelines. . . . I

No. 18-50541

and proceed to prongs three and four unless we can infer justification for the conditions from the record.

## A.

We begin with the conditions banning computer and internet access, the imposition of which was reversible error. The court imposed these unconditional, lifetime bans without giving reasons to justify them. Nor can we infer their justification from the record, despite their reasonable relation to Herndon's offense—after all, Herndon's crimes were committed on computers and would have been impossible without internet access. This is because they are not narrowly tailored. In *United States v. Duke*, which considered functionally equivalent conditions, we held that it is "hard to imagine that such a sweeping, lifetime ban could ever satisfy § 3583(d)'s requirement that a condition be narrowly tailored to avoid imposing a greater deprivation than reasonably necessary. Indeed, an unconditional, lifetime ban is the antithesis of a 'narrowly tailored' sanction."[21] After *Duke*, it is unlikely any record could justify Herndon's absolute, lifetime computer-and-internet bans, much less this silent record.

Next, we find that this error affected Herndon's substantial rights—without it, he "would not have been subjected to the unwarranted special condition because no record evidence reveals any justification for the condition."[22] As we recognized in *Duke*, "the ubiquity and importance of the internet to the modern world makes an unconditional, lifetime ban unreasonable."[23]

---

considered all of them and think this would be the best possible deterrent and [will best] protect the public.").

[21] 788 F.3d 392, 399 (5th Cir. 2015) (citation omitted).

[22] *United States v. Prieto*, 801 F.3d 547, 553 (5th Cir. 2015).

[23] *Duke*, 788 F.3d at 400.

No. 18-50541

This leads us to the fourth prong.[24] The Supreme Court's recent decision in *Rosales-Mireles v. United States* noted that a plain sentencing error is "precisely the type of error that ordinarily warrants relief[.]"[25] While *Rosales-Mireles* involved a prison sentence, not a condition of supervised release, its reasoning applies here because "[w]e have recognized that supervised release terms also constitute a substantial restraint on liberty."[26] As we have understood it, *Rosales-Mireles* explained that "[i]n the ordinary case, additional factors favoring error correction are that (1) re-sentencing is 'relative[ly] eas[y],' and (2) 'Guidelines miscalculations ultimately result from judicial error' rather than a defendant's strategy."[27] These factors also favor error correction in this case, as re-sentencing will impose no great burden, and the failure to support these special conditions with reasons are judicial errors, not defense strategy.

While a defendant bears the burden of persuasion at prong four, *Rosales-Mireles* instructed that "[i]n the ordinary case, proof of a plain Guidelines error that affects the defendant's substantial rights is sufficient to meet that burden."[28] Further, we find no countervailing factors that would counsel

---

[24] Since *Duke*, we have twice reversed computer bans on plain-error review. *Scott*, 821 F.3d at 572 (relying on *Duke* in vacating, on plain error review, lifetime bans on computer and internet access); *United States v. Guillotte*, 641 F. App'x 364 (5th Cir. 2016) (unpublished) (same). In neither case, however, did we have occasion to analyze the fourth prong. The Government conceded in both cases that the plain error warranted reversal, and in *Scott* we "express[ed] no opinion on whether we would correct these errors if the Department of Justice had not taken the position that the fourth prong is met." 821 F.3d at 572; *see also Guillotte*, 641 F. App'x at 367 ("Under these circumstances, and considering the agreement of the parties that remand is appropriate, we exercise our discretion to notice the error, vacate this condition, and remand for resentencing as to the supervised release conditions."). In this case, the Government opposes correction of this error.

[25] *Rosales-Mireles*, 138 S. Ct. at 1907.

[26] *United States v. Campos*, 922 F.3d 686, 689 (5th Cir. 2019) (quoting *United States v. Putnam*, 806 F.3d 853, 856 (5th Cir. 2015)).

[27] *United States v. Perez-Mateo*, 926 F.3d 216, 218 (5th Cir. 2019) (quoting *Rosales-Mireles*, 138 S. Ct. at 1908).

[28] 138 S. Ct. at 1908 n.4.

against correcting this error. The record reveals no attempt to justify these computer-and-internet conditions. Because the district court did not give reasons for these conditions and because we cannot infer their justification—given the lack of tailoring, which contravenes *Duke*—we will exercise our discretion to vacate these conditions.

### B.

Finally, we briefly turn to the bans on associating with minors without probation-officer approval and on frequenting places minors are likely to be. These associational conditions share the root defect of the internet conditions—a lack of supportive reasoning. We are mindful, however, that our vacatur of the internet conditions will return this case to the district court no matter how we resolve the associational conditions.

We need not decide, then, whether the failure to give reasons for the associational conditions is reversible error. Rather, we opt to vacate all special conditions of Herndon's supervised release. This affords the district court discretion to impose, after due factfinding, the package of conditions it sees fit. In doing so, we leave unresolved whether the reasonable relation of the associational conditions to the specific behavior of Herndon can be inferred from the record. We also leave unresolved whether the conditions are narrowly tailored. Vacating all conditions will add little additional burden and may aid the court on remand, as the challenged conditions share a common bug—a lack of judicial factfinding—that can be rectified simultaneously.

### IV.

We vacate all special conditions of supervised release and remand for re-sentencing consistent with this opinion.