# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60659
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RAYMORRIS ASENCIO,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:17-CR-31-1

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.

PER CURIAM:[*]

A jury convicted Raymorris Asencio of aiding and abetting the sex trafficking of a minor by force, fraud, or coercion and aiding and abetting the transportation of a minor in interstate commerce for the purpose of engaging in prostitution and sexual activity. He was sentenced to 360 months of imprisonment and five years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60659

Pointing to an unsolicited and fleeting statement by one of the Government's witnesses that Asencio was a convicted felon, Asencio argues that he was deprived of his right to a fair trial. Because Asencio did not complain about this statement in the district court, we review only for plain error. *See Puckett v. United States* 556 U.S. 129, 135 (2009); *United States v. Sanders*, 952 F.3d 263, 281-82 (5th Cir. 2020); *United States v. Johnson*, 943 F.3d 214, 224 & n.3 (5th Cir. 2019). Even if we assume that there was clear or obvious error, Asencio cannot prevail because he has failed to show a reasonable probability that the outcome of the proceeding would have been different but for the error. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016); *United States v. Mendoza-Velasquez*, 847 F.3d 209, 212 (5th Cir. 2017).

Asencio also argues that the district court refused to consider the 18 U.S.C. § 3553(a) factors when it sentenced him. We review this argument for plain error as well. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Asencio cannot show any error as the district court explicitly stated that it had considered the § 3553(a) factors in determining the appropriate sentence here.

AFFIRMED.