# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2021

Lyle W. Cayce
Clerk

No. 21-40059
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Manuel Villarreal,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:08-CR-130-1

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Manuel Villarreal pleaded guilty of alien-smuggling in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(ii) and was sentenced to 37 months of imprisonment and 3 years of supervised release. The district court later revoked his supervised release based on his arrest for criminal trespass, his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40059

failure to abide by the nighttime-curfew condition, and his failure to partici-pate in home detention/electronic monitoring as directed. The court sen-tenced Villarreal to 13 months of imprisonment followed by a new 23-month term of supervised release.

At the revocation hearing, the district court stated that Villarreal would be subject to the "standard terms and conditions of supervision" and the "prior conditions" imposed at his original sentencing. One of the "prior conditions" was the requirement that Villarreal participate in anger-management counseling "as deemed necessary and approved by the proba-tion officer."

In addition to the anger-management condition, the probation officer recommended, in court at the revocation hearing, that Villarreal be required to register as a sex offender and participate in sex-offender mental health counseling, among other sex-offender related conditions, based on Villar-real's 2008 Texas conviction of aggravated sexual assault of a child. The court imposed all of the recommended sex-offender-related special conditions.

On appeal, Villarreal first claims that the imposition of the anger-management condition was an impermissible delegation of judicial authority. Alternatively, Villarreal contends that the wording of the condition, which includes the phrase "as deemed necessary and approved by the probation officer," creates an ambiguity as to whether the court delegated to the pro-bation officer the authority to impose the condition.

The government urges that Villarreal's challenge to the anger-management condition should be reviewed for plain error because he did not object to the special condition at the revocation hearing. Villarreal maintains that the issue should be reviewed for abuse of discretion because he had no meaningful opportunity to object. Consistent with *United States v. Gomez*, 960 F.3d 173, 179–80 (5th Cir. 2020), review is for plain error.

No. 21-40059

As the government concedes, Villarreal has demonstrated a clear or obvious error that affected his substantial rights.[1] Villareal fails, however, to brief or even address the fourth prong of plain error, and this court refuses to correct plain error where "the complaining party makes no showing as to the fourth prong."[2]

Moreover, Villarreal may seek modification of the challenged anger-management condition under 18 U.S.C. § 3583(e)(2) and a hearing per Federal Rule of Criminal Procedure 32.1(c) any time before the expiration or termination of his 23-month term of supervised release. Thus, Villarreal has the alternative remedy under § 3583(e)(2) by which the district court could resolve, in the first instance, any ambiguity about whether it intended his participation in anger-management counseling or whether, instead, it delegated authority to decide to the probation officer—as distinguished from this court's vacating the special condition and remanding for clarification.[3]

Even if Villarreal had adequately briefed the four prongs, he has not met his burden of showing that the anger-management condition so seriously threatens the fairness, integrity, or public reputation of judicial proceedings that it requires correction on plain error review.[4]

---

[1] *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Barber*, 865 F.3d 837, 840 (5th Cir. 2017).

[2] *United States v. Rivera*, 784 F.3d 1012, 1018 n.3 (5th Cir. 2015); *accord United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002) (providing that the defendant "has the burden to show" that each prong of the plain-error test is satisfied); *United States v. Freeman*, No. 20-50181, 2021 U.S. App. LEXIS 20431, at *13 (5th Cir. July 9, 2021) (per curiam) (unpublished) (quoting *Reyes*, 300 F.3d at 558).

[3] *See United States v. Mendoza-Velasquez*, 847 F.3d 209, 213 (5th Cir. 2017) (stating that modifiability of a special condition "weighs heavily" against finding that prong four has been satisfied (internal quotation marks and citation omitted)).

[4] *See Puckett*, 556 U.S. at 135. As the government reasons, "neither *Barber* nor any other case may be read to *require* that [this court] exercise its fourth-prong discretion here because that would result in an impermissible 'per se' approach to plain error." *See also*

For his second issue, Villarreal claims that the district court erred in imposing the sex-offender special conditions because there was insufficient information before the court to establish a reasonable relationship to the § 3583(d) factors.  He concedes that he did not object to the sex-offender registration and other sex-offender related conditions of supervision on the basis of § 3583(d) and that review is for plain error only.

The district court was entitled to credit the probation officer's factual statements at the revocation hearing—that Villarreal was convicted in 2008 of rape of a child and was sentenced to 10 years in state custody—as reliable evidence.[5]  The court likewise was entitled to rely on Villarreal's confirmation, at the revocation hearing, that the information provided by the probation officer was correct.  The conditions, which are included in the written revocation judgment, are reasonably related to, among other things, the personal "history and characteristics of the defendant" and "the need . . . to afford adequate deterrence."[6]

Villarreal has failed to show error, plain or otherwise, in the imposition of the sex-offender registration and the other sex-offender special conditions of supervised release.  Based on the foregoing, the judgment is AFFIRMED.

---

*id.* at 142 (emphasizing that a "*per se* approach to plain-error review is flawed" (internal quotation marks and citation omitted)).

[5] *See United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006).

[6] *See* 18 U.S.C. § 3553(a)(1), (2)(B); § 3583(d)(1).