# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2024

Lyle W. Cayce
Clerk

No. 23-20549
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SOKARI MANUEL BOBMANUEL, *Registered Pharmacist*,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-600-6

Before KING, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

A jury convicted Sokari Manuel Bobmanuel of conspiracy to unlawfully distribute and dispense a controlled substance and maintaining a drug-involved premises and aiding and abetting. The district court sentenced her to 168 months of imprisonment on each count, to be served concurrently, and three years of supervised release. She timely appealed.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-20549

First, Bobmanuel challenges the deliberate ignorance jury instruction. The district court did not abuse its discretion in giving the instruction as Bobmanuel argued that she was not aware of the crimes of her alleged coconspirators. *See United States v. Brown*, 871 F.3d 352, 356 (5th Cir. 2017). The trial evidence supported the inference that Bobmanuel, as the owner and pharmacist in charge of Cornerstone Pharmacy, was subjectively aware of a high probability of illegal dispensing of non-therapeutic prescriptions and that she purposely contrived to avoid learning of the illegal conduct. *See Brown*, 871 F.3d at 356; *United States v. Brooks*, 681 F.3d 678, 701 (5th Cir. 2012); *see also United States v. Gibson*, 875 F.3d 179, 197 & n.15 (5th Cir. 2017). Viewing the evidence in the light most favorable to the Government, we conclude that the district court did not abuse its discretion. *See Brown*, 871 F.3d at 356; *Brooks*, 681 F.3d at 701.

For the first time on appeal, Bobmanuel argues the district court should have given a balancing instruction with the deliberate ignorance instruction. Because she did not raise this issue in the district court, the plain error standard of review applies. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We have held that district courts should consider giving a balancing instruction upon request of the defendant, which Bobmanuel did not do. *See, e.g.*, *United States v. Alaniz*, 726 F.3d 586, 612 (5th Cir. 2013). In any event, she has not shown that any error affected her substantial rights or that the court should exercise its discretion to correct any error. *See United States v. Mendoza-Velasquez*, 847 F.3d 209, 212-13 (5th Cir. 2017); *United States v. Caravayo*, 809 F.3d 269, 273-74 (5th Cir. 2015).

Next, Bobmanuel argues that the district court's conspiracy instruction was incorrectly worded because it used disjunctive language. She asserts that under *Ruan v. United States*, 597 U.S. 450 (2022), the district court should have instructed the jury that it was required to find that she dispensed the controlled substance, did so knowingly and intentionally, and

dispensed the controlled substance without a legitimate medical purpose *and* outside the course of her professional practice. We have held that *Ruan* did not overrule our precedent concerning the authorization element of the offense and concluded that we "remain bound to follow established precedent that a prescription is unauthorized under § 841(a)(1) if it lacks a legitimate medical purpose *or* was issued outside the usual course of professional practice." *United States v. Lamartiniere*, 100 F.4th 625, 642-43 (5th Cir. 2024) (emphasis added), *petition for cert. filed* (U.S. Sept. 16, 2024) (No. 24-5578). Bobmanuel suggests that a prior case so holding was overruled, but it was overruled only in part and on other grounds. *See United States v. Armstrong*, 550 F.3d 382, 398 (5th Cir. 2008), *overruled on other grounds by United States v. Guillermo Balleza*, 613 F.3d 432, 433 n.1 (5th Cir. 2010). Thus, Bobmanuel has not shown that the district court plainly erred in giving the conspiracy instruction. *See Lamartiniere*, 100 F.4th at 642-43; *see also Puckett*, 556 U.S. at 135.

AFFIRMED.